IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION | MDL 1586 |
| IN RE ALGER, COLUMBIA, JANUS, MFS, ONE GROUP, PUTNAM, ALLIANZ DRESDNER | Civil Nos. 04-MD-15863 (JFM) |
| This Document Relates to: | |
| **VAN KAMPEN FUNDS SUBTRACK** | |
| *Starr v. Van Kampen Investments, Inc., et al.* | Civil Nos. 05-cv-0502 (D. Md.) |

FUND DERIVATIVE PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO VAN KAMPEN DEFENDANTS' MOTION FOR RECONSIDERATION

Fund Derivative Plaintiff Zachary A. Starr ("Plaintiff")[1] submits this

Memorandum in Opposition to the Defendants' Motion for Reconsideration

("Defendants' Motion")[2] and Memorandum in support thereof ("Defs. Memo" or

"Defendants' Memorandum")[3] filed in the Van Kampen subtrack.

I.      **Introduction**

A Motion for Reconsideration is not an opportunity to repeat the same arguments

made on a Motion to Dismiss in hopes of attaining a different result.  Yet that is exactly

---

[1]  There is no corresponding class action pending in the Van Kampen subtrack in MDL 1586.

[2]  Dkt. No. 1776.

[3]  Dkt. No. 1779.

what the Van Kampen Defendants[4] ("Defendants") do here.  Far from raising any new

issues or arguments, the Defendants' Memorandum reads like a summary of their

briefing on Motions to Dismiss:

- "the primary thrust of the Van Kampen defendants' motion to dismiss was …," Defs. Memo. at 6;
- "In our motion to dismiss, we explained in detail…," Id.;
- "[here] we … provide a pertinent summary," Id.;
- "as discussed in detail in our motion to dismiss…," Id. at 8;
- "plaintiff's opposition brief averred…," Id. at 9;
- "As discussed above and in our motion to dismiss…," Id. at 11;
- "plaintiff argued, in his opposition to the motion to dismiss…," Id.;
- "[a]s discussed in defendants' reply brief…," Id..

Not only have Defendants failed to raise any issue that would justify

reconsideration, Defendants' Motion is contrary to the Court's instructions (for that

reason alone, their Motion should be denied).  Moreover, Defendants' arguments fail as a

matter of law.  Defendants recycle three substantive arguments already briefed at length

in their Motions to Dismiss:  (1) Plaintiff fails to allege that market timing occurred[5]; (2)

Plaintiff's claim under Section 36(b) of the Investment Company Act ("ICA") is time

barred; and (3) the word "procurement" in the *heading* of Section 48(a) of the ICA

---

[4]  For purposes of this memorandum, the "Van Kampen Defendants" or "Defendants" include Van Kampen Asset Management, Inc., Van Kampen Investor Services, Inc., Van Kampen Funds, Inc., Morgan Stanley Investment Advisors, Inc., Morgan Stanley Investments LP, and Morgan Stanley Investment Management, Inc., Morgan Stanley, Van Kampen Investments, Inc., Mitchell C. Merin, and Richard F. Powers, all of whom or which join in Defendants' Motion.

[5]  As explained below, the tenuousness of this factual argument is belied by the fact that it morphs mid-brief.  First Defendants argue that plaintiff fails to allege that *any* market timing occurred in the Van Kampen Funds.  Seven pages into the brief Defendants change their tune, arguing that plaintiff fails to allege that a *material* amount of market timing occurred.  Finally, Defendants argue that even if market timing occurred Plaintiff fails to allege their complicity.  As described in detail below, each facet of this argument is clearly contradicted by the pleadings.

should be read to limit the actual language of the statutory text and thus the reach of the statute.  The first argument is factually incorrect because it is contrary to the clear allegations in this Complaint.  The second and third arguments fail as a matter of law. Moreover, given that each of these arguments was fully addressed in the briefing on Motions to Dismiss by both Defendants and Plaintiff,[6] Plaintiff hereby incorporates by reference his Response in Opposition to All Supplemental Memoranda in the Van Kampen Subtrack filed May 9, 2005 (docket number 1167).

As will be demonstrated in greater detail below, for all of the above stated reasons the Defendants' Motion must be denied.

## II.    The Defendants' Motion is Improper and Fails to Comport With The Federal Rules or The Instructions of This Court

### A.    Defendants' Motion Raises No Valid Grounds for Reconsideration Under Fed. R. Civ. P. 54(b)

A motion for reconsideration is not an opportunity to repeat arguments already asserted in a motion to dismiss in hopes that the Court will change its mind upon hearing them a second time.  Such an approach assumes that judicial opinions are the result of mere whim, or something other than the merit of the arguments made.  Yet that is what Defendants present here – a *summary* of arguments previously asserted in their Motions to Dismiss.

---

[6]  Dkt. Nos. 1065 and 1066 (Defendants' Memorandum of Law in Support of Their Motion to Dismiss The Derivative Complaint ("Motions to Dismiss"), *see, e.g.,* pp.4-8, 1167 (Fund Derivative Plaintiff's Opposition to the Supplemental Memoranda in The *Van Kampen* Subtrack, *see, e.g.,* pp.1-2, 7-8), and 1282 (Defendants' Reply Memorandum of Law in Support of Their Motion to Dismiss The Derivative Complaint, *see, e.g.,* pp.1, 4-7).

Although reconsideration of interlocutory orders under Rule 54(b) is not strictly limited by the standards applicable to reconsideration of final judgments under Rules 59(e) and 60(b), this Court has recognized that the general principles of those Rules guide the Rule 54(b) analysis. *Superior Bank, F.S.B. v. Tandem Nat. Mortg., Inc.*, 197 F.Supp.2d 298, 331-332 (D. Md. 2000). Thus, in this and other Circuits, "[m]ost courts have adhered to a fairly narrow set of grounds on which to reconsider their interlocutory orders and opinions." *Akeva, L.L.C. v. Adidas America, Inc.*, 385 F.Supp.2d 559, at 566 (M.D.N.C. 2005).

There are three grounds recognized as justifying reconsideration: (1) new evidence, (2) new controlling authority, or (3) clear error of law or manifest injustice. *Id.; see also Potter v. Potter*, 199 F.R.D. 550, 552 n. 1 (D. Md. 2001). Defendants here neither offer any new evidence nor controlling new authority, nor even raise the possibility of manifest injustice. Rather, Defendants repeat *nearly verbatim* the arguments made in the Defendants' Motions to Dismiss briefed, argued, and decided last year.[7] Defendants have failed to identify a single proper ground for reconsideration. Therefore, their Motion should be denied.

    B.    Defendants' Motion Disregards The Court's Instructions With
           <u>Respect to Filing Procedures for These Motions to Reconsider</u>

Additionally, the Defendants' Motion contravenes to the Court's instructions regarding the manner in which motions for reconsideration in this complex litigation should be filed. At the time the parties to MDL 1586 were submitting proposed orders to

---

[7] Tellingly, the Defendants' Motion cites briefing filed on Motions to Dismiss no less than *nine times* and repeatedly invokes the mantra "*in our motion to dismiss.*" *See* p.2, *supra*.

implement the Court's rulings on motions to dismiss, the Court ordered the parties to file letters raising unresolved issues and to file motions for reconsideration thereafter *only as appropriate or warranted*. *See* Dkt. No. 1511 (approved by paperless order, Dkt. No. 1513). The purpose of the letter writing procedure was to "flesh out" issues before engaging in extensive briefing. *See* Transcript of Proceedings held December 8, 2005, at 37. In this vein, in the December 16, 2005, letter to the Court from Plaintiff's counsel, it was stated that Defendants had informed them of their intent to seek reconsideration and further:

> Pursuant to the Court's December 13, 2005 order, we expect that they will set forth the grounds for such reconsideration in their responsive letter to the Court on or before January 13, 2006.

Dkt. No. 1527.

As the Court reiterated during the February 9, 2006 conference call:

> The only thing I would say, we certainly anticipate that there are not going to be motions for reconsideration pertaining to issues that weren't raised during the decisions [sic] as to what to put in the implementing order.

Transcript of Proceedings held February 9, 2006, at 29.

Defendants raised only *one* of the three arguments pressed here in their responsive letter, i.e. that Plaintiff failed to allege that market timing occurred in the Van Kampen Funds. Thus, the next two arguments in this Motion – that the Section 36(b) claim is time barred and that the word "procurement" must be read to limit the substantive reach of Section 48(a) – were not raised in accordance with the Court's instruction.

Clearly, Defendants' Motion disregards the Court's instructions with respect to motions for reconsideration. [8]

### C.     Defendants' Motion Disregards the Court's Instructions With Respect to The Substance of The Motions to Reconsider

Finally, the substance of Defendants' Motion was expressly disallowed by the Court.  The Court permitted the parties to file motions for reconsideration "only to reconsider the application of [the *Janus* rulings] in another case."  *See* Memorandum to Counsel from Judge Motz dated November 3, 2005, Dkt. No. 1447.  The Court did not invite the parties to re-brief their motions to dismiss, as the Defendants have done here.

## III.    Defendants' Motion Fails to State Grounds For Reconsideration as a Matter of Law

### A.     Plaintiff Adequately Alleges The Existence of Substantial Permitted Market Timing in The Van Kampen Funds

The primary argument set forth by the Defendants for dismissal (both here and in the Motions to Dismiss) is that "plaintiff has not alleged any facts showing that market timing or late trading occurred in the Van Kampen funds."  Defs. Memo. at 5.  This

---

[8]  Defendants refer to statements by the Court made in Orders in the *Putnam* and *Allianz-Dresdner* subtracks to support their view that the Court intended to allow supplemental briefing on Section 48(a) issues.  However, unlike Defendants here, defendants in those subtracks raised the same arguments concerning Section 48(a) in their letters filed January 3, 2003 as they do in their motions for reconsideration.  *See* C.A. No. 04-15863 Dkt Nos. 1542 (letter on behalf of Justin Scott, Omid Kamshad, Carmel Peters, Frank Perfetuo, James Prusko and Geirulv Lode in *Putnam* subtrack); 1549 (letter on behalf of William Woolverton in *Putnam* subtrack); 1557 (letter on behalf of Charles Porter and Patricia Flaherty in *Putnam* subtrack); 1562 (letter on behalf of Marsh McLennan & Cos. in *Putnam* subtrack); 1552 (letter on behalf of *Allianz* defendants); 1689 (letter on behalf of Kenneth Corba in *Allianz* subtrack).

Contrary to the Court's instructions, Defendants here raise these arguments for the *first time* in their Motion.

argument is clearly contradicted by the allegations of the Complaint,[9] which must be taken as true for purposes of a motion to dismiss. *Berkovitz v. U.S.*, 486 U.S. 531, 540 (1988); *Conley v. Gibson*, 355 U.S. 41, 46 (1957). Just as examples, Plaintiff's relevant allegations include the following:

- Between April 2001 and July 2003 the Boston branch office of Prudential Securities assisted six hedge funds in making market timed and late trades in at least 16 Van Kampen Funds totaling nearly $60M. Compl. ¶ 126.

- The Van Kampen defendants knew about the market timing activity through Prudential Securities but failed to take adequate steps to prevent it because it resulted in additional fees and profits for them. Compl. ¶ 127

- Market timing was so rampant in certain Van Kampen Funds that redemptions of fund shares in a given year sometimes exceeded total shares outstanding by as much as 775%. Compl. ¶ 71.

- Aurum, Pritchard, and Trautman used the BOA box to market time and late trade at least 19 different funds making purchases totaling approximately $189M. Compl. ¶¶ 111-116

- Canary market timed the Van Kampen Funds starting at least as early as the year 2000 with the assistance of numerous capacity brokers. Compl. ¶¶ 117-122

Thus, Defendants clearly miss the mark in arguing that Plaintiff has not alleged facts showing that market timing and late trading occurred, especially given the liberal pleading requirements of Rule 8 which are applicable to Plaintiff's claims under Section 36(b) and 48(a) of the Investment Company Act.

Apparently recognizing the fallacy of their argument, Defendants next argue that Plaintiff failed to allege that "a *material amount* of market timing relative to the size of the assets of a given fund, occurred in a particular fund in a given year." Defs. Memo. at 7 (emphasis added). If by this "clarification" Defendants mean to suggest that over $250

---

[9]  Verified Derivative Complaint ("Complaint" or "Compl.")

million in market timing purchases and up to 775% redemption ratios are immaterial, all Defendants have accomplished is to is highlight a purported factual issue not properly before the Court on a motion to dismiss.

In one final effort to assail Plaintiff's factual allegations Defendants argue that Plaintiff has failed to allege that Defendants "were in any way complicit with those who engaged in market timing or late trading." Defs. Memo. at 7. That argument is belied by Plaintiffs allegations that Defendants were aware of market timing (they sent at least 59 letters to Prudential alone, purporting to protest market timing) or recklessly or knowingly permitted it to continue in order to increase their own fees. *See, e.g.,* Compl. at ¶ 127.[10]

Plaintiff specifically alleges that a significant amount of market timing and late trading occurred in the Van Kampen Funds with the knowledge or consent of Defendants. A motion to dismiss is not the place for Defendants to attempt to refute these factual allegations.

B.     Plaintiff's Section 36(b) Claim is Not Time Barred

Defendants' argument that Plaintiff's claim under Section 36(b) of the ICA is time-barred was fully briefed during the motion to dismiss stage of this litigation.[11] Defendants raise no new argument here.[12]

---

[10] The fact that no regulatory proceeding has been filed against the Defendants is irrelevant because Defendants here are not alone in this circumstance. No regulatory proceedings have been brought against the advisors of the Excelsior, Alger, or Scudder Funds.

[11] *See* note 6, *supra*.

[12] It is also worth noting that all other defendants in MDL 1586 raise their statute of limitations arguments as affirmative defenses in their answers, not in motions for

Plaintiff's Complaint filed February 22, 2005, in this Court relates back to the date he filed his initial complaint in the Northern District of Illinois, February 20, 2004. Thus, the one year period going back from the date of filing under Section 36(b) begins February 20, 2004, and Plaintiff's claims are not time barred.

The linchpin of relation back is notice. *Florida Steel Corp. v. New Jersey Steel Corp.*, 966 F.2d 1442, 1992 WL 119864, *1 (4th Cir. 1992). Notice is satisfied where the gravamen of Plaintiffs complaint does not change. *See In re Campbell Soup Co. Securities Litigation*, 145 F.Supp.2d 574, 602 (D.N.J. 2001) ("Defendants were clearly on notice that the gravamen of Plaintiffs' case was Defendants' efforts to increase sales through allegedly fraudulent sales tactics and improper accounting."); *Siegel v. Converters Transp., Inc.*, 714 F.2d 213, 216 (S.D.N.Y. 1983) (holding that amendment relates back where "[t]he gist of both the original suit and the amended complaint" were the same).

Plaintiffs' core Section 36(b) claim has not changed since he filed his initial complaint against certain of the Defendants in the Northern District of Illinois on February 20, 2004 and his First Amended Complaint against all of the Defendants in the Southern District of New York on October 8, 2004. The gravamen of Plaintiff's Section 36(b) claims in *all* of his complaints is that Defendants placed their own self-interest in maximizing their fees over the interests of the Funds by engaging in conduct designed to sell more shares in the short term, but ultimately damaging the Funds. *See* Derivative Complaint in *Starr v. Van Kampen Investments Inc.*, N.D.Ill. 04-cv-1363, at ¶ 63

---

reconsideration. *See e.g.* Dkt. Nos. 1940 at ¶ 281 (*Janus* Defendants' answer); 1941 at 42 (Rydex Distributors' answer).

(February 20, 2004) (alleging that the defendants breached their fiduciary duties and violated Sections 36(b) and 48(a) of the ICA by "plac[ing] their own self-interest in maximizing their compensation and the compensation income and other payments of their parent/affiliate over the interest of the Van Kampen Funds and its [sic] shareholders.")[13]

The directed brokerage and soft dollars allegations of the Derivative Complaint filed in the Southern District of New York, and allegations of market timing were all part of an alleged coordinated scheme and pattern of conduct by Defendants that Plaintiff alleged was intended to increase fees at the expense of the Funds in violation of Section 36(b). Plaintiff transferred his market timing allegations to this Court by agreement of the parties, filing the within Complaint prior to a hearing on his motion to *amend* his [First Amended] Derivative Complaint in the Southern District of New York.

If successful, the motion to amend would have resulted in the single action being transferred to this Court including allegations concerning directed brokerage and soft dollars, as well as market timing and late trading. Plaintiff did not waive his right to argue that his claims relate back to the filing of his initial complaint on agreeing to transfer. On the contrary, in the February 15, 2005 letter agreement Defendants agreed to waive any "claim splitting" defenses they might have based on the fact that Plaintiff divided his cause of action into two lawsuits in two different courts. More importantly, all of this was argued at length by Defendants in their Motions to Dismiss, pp.4-6.

---

[13] Copies of the Complaints filed on February 4, 2004, October 8, 2004, and Memorandum of Points and Authorities in Support of Plaintiff's Motion to File a Second Amended Derivative Complaint are attached hereto as Exhibits A, B, and C, respectively.

The fact that Plaintiff's market timing allegations were filed a new complaint in this Court does not automatically preclude relation back. *See, e.g., Lerman v. Chuckleberry Publ'g. Inc.*, 544 F. Supp. 966, 969 (S.D.N.Y. 1982), *rev'd on other grounds* 745 F.2d 123 (2d Cir. 1984) ("Simply because [plaintiff] has commenced a separate action against Flynt should not preclude her from benefiting from the liberal relation-back provisions of Rule 15(c)").

Thus, for the reasons stated in his Opposition to All Supplemental Memoranda in the *Van Kampen* Subtrack Plaintiff's claims under Section 36(b) are not timed barred.

C.   Plaintiff Properly Alleges Claims Under Section 48 of the ICA

It is textbook law that "the title of a statute and the heading of a section cannot limit the plain meaning" of a statutory provision. *Brotherhood of R.R. Trainmen v. Baltimore & O.R. Co.*, 331 U.S. 519, 529 (U.S. 1947).[14] Yet defendants strain mightily to argue that the word "procurement" in the *heading* of Section 48(a) is a limit on the substantive text of the statute. Defendants are wrong.

Defendants also argue that there is no private right of action for control person claims under Section 48(a) despite the fact that there is clearly a private right of action for the underlying Section 36(b) claims upon which the Section 48(a) claims are predicated. For the reasons stated in the *Putnam* Fund Derivative Plaintiffs' Brief in Opposition to Defendants' Motion to Dismiss Claims Under Section 48(a), which Plaintiff hereby incorporates by reference. Defendants are wrong here too.

---

[14] Indeed, some publishers do not even include the heading "procurement" in their copies of the Investment Company Act. *See e.g.* John C. Coffee Jr. and Joel Seligman, Federal Securities Laws: Selected Statutes, Rules and Forms, at 1500 (2004 ed.).

**IV.     Conclusion**

Based on the foregoing and matter set forth in each of the responses to Motions to

Reconsider also filed on this date by all other Fund Derivative Plaintiffs (hereby

incorporated herein), Plaintiff respectfully requests that the Court deny Defendants'

Motion.


Dated:  April 26, 2006                                CHIMICLES & TIKELLIS LLP


                                       By:     _____/s/_____
                                               Nicholas E. Chimicles
                                               Denise Davis Schwartzman
                                               Timothy N. Mathews
                                               One Haverford Centre
                                               361 West Lancaster Avenue
                                               Haverford, PA  19041
                                               (610) 642-8500